No. 25-13258

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

MICHAEL BALUJA,

*Plaintiff-Appellant*,

v.

CITY OF CORAL GABLES,

*Defendant-Appellee*.

On Appeal from the United States District Court
for the Southern District of Florida
No. 1:24-cv-23470-JEM (Hon. Jose E. Martinez)

## APPELLANT'S REPLY BRIEF

Andrew T. Tutt
John V. Hoover
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
jack.hoover@arnoldporter.com

*Counsel for Appellant Michael Baluja*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ..........................................................................................1

ARGUMENT ...............................................................................................2

I.      BALUJA HAS ARTICLE III STANDING ...................................................2

II.     BALUJA STATED A CLAIM FOR EMPLOYMENT DISCRIMINATION AND UNLAWFUL EMPLOYMENT PRACTICES ......................................................................................12

   A.   Coral Gables Engaged in Military Status Discrimination By Taking Adverse Employment Action Against Baluja Because of His Military Status. .....................................................................................................13

   B.   Coral Gables Violated Its Reemployment Obligations By Failing to Properly Reemploy Baluja Following Absence from Employment ..............19

   C.   Coral Gables' Leave Policies Independently Violate USERRA. ...................20

III.    BALUJA'S AMENDED COMPLAINT WAS DISMISSED WITHOUT PREJUDICE ........................................................................20

CONCLUSION ..........................................................................................21

CERTIFICATE OF SERVICE .......................................................................22

CERTIFICATE OF COMPLIANCE ...............................................................23

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*,
650 F.3d 652 (7th Cir. 2011) ................................................................21

*Coffman v. Chugach Support Servs., Inc.*,
411 F.3d 1231 (11th Cir. 2005) ...........................................................13

*Dees v. Hyundai Motor Mfg. Ala., LLC*,
368 F. App'x 49 (11th Cir. 2010) ...........................................................5

*Dees v. Hyundai Motor Mfg. Ala., LLC*,
605 F. Supp. 2d 1220 (M.D. Ala. 2009) ...............................................4, 5

*Dupree v. Owens*,
92 F.4th 999 (11th Cir.) (2024) ............................................................20

*Ferrill v. Parker Grp., Inc.*,
168 F.3d 468 (11th Cir. 1999) ..............................................................17

*Glenn v. Brumby*,
663 F.3d 1312 (11th Cir. 2011) ............................................................17

*Jenkins v. Nell*,
26 F.4th 1243 (11th Cir. 2022) .............................................................18

*Johnson v. Miami-Dade Cnty.*,
948 F.3d 1318 (11th Cir. 2020) ............................................................19

*Jung v. K. & D. Min. Co.*,
356 U.S. 335 (1958).................................................................................2

*Kelley v. Crosfield Catalysts*,
135 F.3d 1202 (7th Cir. 1998) ................................................................8

*Lujan v. Defs. of Wildlife*,
504 U.S. 555 (1992).................................................................................3

*Moody v. Holman*,
   887 F.3d 1281 (11th Cir. 2018) ...................................................................4

*\*Muldrow v. City of St. Louis, Missouri*,
   601 U.S. 346 (2024) ...............................................................................3, 14, 16

*PAE Gov't Servs., Inc. v. MPRI, Inc.*,
   514 F.3d 856 (9th Cir. 2007) .......................................................................8

*Polelle v. Fla. Sec'y of State*,
   131 F.4th 1201 (11th Cir. 2025) ...................................................................4

*Richards v. Canyon Cnty.*,
   No. CV 12-00424-S-REB, 2014 WL 1270665 (D. Idaho Mar. 26,
   2014) ...........................................................................................................5, 6

*Richards v. Canyon Cnty.*,
   No. CV 12-00424-S-REB, 2014 WL 51286 (D. Idaho Jan. 7, 2014) .................5

*Rosado v. Sec'y, Dep't of the Navy*,
   127 F.4th 858 (11th Cir. 2025) ...................................................................18

*Sec'y, U.S. Dep't of Labor v. Preston*,
   873 F.3d 877 (11th Cir. 2017) ...................................................................15

*Serricchio v. Wachovia Sec. LLC*,
   658 F.3d 169 (2d Cir. 2011) .........................................................................7

*Shahar v. Bowers*,
   120 F.3d 211 (11th Cir. 1997) .......................................................................9

*Sierra v. City of Hallandale Beach, Fla.*,
   996 F.3d 1110 (11th Cir. 2021) .....................................................................2

*Swierkiewicz v. Sorema N. A.*,
   534 U.S. 506 (2002) ....................................................................................17

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ......................................................................................2

*United States v. Campbell*,
   26 F.4th 860 (11th Cir. 2022) .....................................................................15

iii

*W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank,*
  712 F.3d 165 (3d Cir. 2013) .................................................................8

*Ward v. United Parcel Serv.,*
  580 F. App'x 735 (11th Cir. 2014) ......................................................15

*Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.,*
  892 F.3d 332 (D.C. Cir. 2018)..............................................................15

*Williams v. Reckitt Benckiser LLC,*
  65 F.4th 1243 (11th Cir. 2023) ..............................................................3

*Yee v. City of Escondido, Cal.,*
  503 U.S. 519 (1992)..............................................................................14

**Statutes**

38 U.S.C.
  § 4303(2).............................................................................................13
  § 4311(a) ............................................................................................13
  § 4311(b).......................................................................................15, 16
  § 4311(c)(1) .......................................................................................13
  § 4313..................................................................................................19
  § 4313(a)(2)(A).................................................................................7, 19
  § 4316..................................................................................................19
  § 4316(d).............................................................................................20
  § 4323(d)(1) .........................................................................................3
  § 4323(d)(1)(A)....................................................................................7
  § 4323(d)(1)(D)....................................................................................2
  § 4323(d)(2)(A)....................................................................................3
  § 4323(e)(2)(A)....................................................................................7
  § 4327(b).............................................................................................12

50 U.S.C.
  § 3936(a) ............................................................................................12

Senator Elizabeth Dole 21st Century Veterans Healthcare and
  Benefits Improvement Act, Pub. L. No. 118-120, 138 Stat. 2706
  (2025)..........................................................................................2, 6, 7

**Legislative Materials**

H.R. Rep. No. 118-241 (2023)..............................................................................7

**Rules**

11th Cir. R. 30-1(a) ...........................................................................................9

Fed. R. Civ. P. 41(b) .......................................................................................20

Fed. R. Civ. P. 54(c)....................................................................................4, 10

**Other Authorities**

Transfer, Black's Law Dictionary (12th ed. 2024).................................................16

**INTRODUCTION**

Paragraphs 21 and 22 of the amended complaint alone demonstrate that this case must proceed. There, Michael Baluja alleged that his supervisor threatened to remove him from his position if he continued to deploy with the United States Army. After Baluja continued to serve, the supervisor followed through on his threat. Baluja obviously has standing to press his claims for monetary and injunctive relief for his employer's flagrant, intentional, repeated, ongoing USERRA violations. The City theorizes that Baluja lacks standing to claim his employer denied or will deny him a "benefit of employment" because it says he got all the money he was owed. That is both legally preposterous and factually inconsistent with the allegations in *every* complaint in this case. The City also gets the law flat wrong because USERRA protects far more than entitlement to money, as *Muldrow* confirms.

The City attempts to kick up dust by alleging that Baluja mixed and matched allegations from both complaints, but that is nothing more than a bid to distract from the fact that every complaint stated a claim. No matter what complaint the Court reviews in this case, each one pleaded a straightforward USERRA claim. The City's attempt to smuggle extra-record materials into the case only underscores the absence of any defect in the relevant pleadings here. As a final bid to avoid reversal, the City simply seeks to rewrite the amended complaint. These antics fall far short, and the Court should reverse and remand for further proceedings.

1

## ARGUMENT

### I.    Baluja Has Article III Standing

Baluja is a member of the U.S. Army National Guard who claims his employer told him it was changing the terms and conditions of his employment because of his service.  *See* A50-51 (Doc. 14 at 4-5).[1]  He wants his job back, and he wants compensation for the damage the discrimination has caused to his career and his anticipated retirement benefits.  *See* A55-A58 (Doc. 14 at 9-12).  He also seeks $50,000 in liquidated damages, a remedy that Congress added to USERRA in January 2025 to deter similar violations and ensure that servicemembers like Baluja receive adequate compensation for their injuries.  *See* 38 U.S.C. § 4323(d)(1)(D); Senator Elizabeth Dole 21st Century Veterans Healthcare and Benefits Improvement Act § 221(d) ("Dole Act"), Pub. L. No. 118-120, 138 Stat. 2706, 2778 (2025).

Baluja's complaint meets all three requirements for standing.  *See* Appellant's Br. at 26-30.  He alleges "monetary injury," *TransUnion LLC v. Ramirez*, 594 U.S. 413, 425 (2021), injury based on "discriminatory treatment," *Sierra v. City of*

---

[1] The district court's initial dismissal order merged into its final dismissal order for the purposes of appeal, meaning that this Court may review both orders.  *See* Appellant's Br. at 22 n.3 (citing *Jung v. K. & D. Min. Co.*, 356 U.S. 335, 337 (1958)). Both complaints state a claim, and the facts pled in support of Baluja's USERRA claim are nearly identical in both complaints.  And if the Court concludes that the amended complaint does not pass muster but the original complaint does, then this case should proceed on the original complaint.

2

*Hallandale Beach, Fla.*, 996 F.3d 1110, 1114 (11th Cir. 2021), and "real and immediate" harms from the City's USERRA violations, *Williams v. Reckitt Benckiser LLC*, 65 F.4th 1243, 1253 (11th Cir. 2023). Those injuries are "fairly . . . trace[able]" to City officials' decisions to remove him from his positions, deny him the full compensation and benefits he is due, and to adopt policies contravening USERRA. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). USERRA also provides mechanisms to address these harms, such as reinstatement, injunctive relief, compensation for lost wages and benefits, and nominal damages. *See* 38 U.S.C. § 4323(d)(1); *see also* Appellant's Br. at 42-46 (discussing Baluja's entitlement to relief).

A defendant cannot bar access to USERRA's remedies by paying back some unlawfully withheld wages but allowing all the other harms to continue unaddressed. *See* Appellee's Br. at 28-30. USERRA explicitly forbids that result, stating that "[a]ny compensation . . . shall be in addition to, and shall not diminish, any of the other rights and benefits provided for under" USERRA. 38 U.S.C. § 4323(d)(2)(A). Furthermore, if relief for employment discrimination were so circumscribed, then the Supreme Court would have lacked jurisdiction to decide *Muldrow*. *See Muldrow v. City of St. Louis, Missouri*, 601 U.S. 346, 351 (2024) (ruling for plaintiff even though her "pay remained the same" after transfer).

3

"[S]tanding in no way depends on the merits." *Moody v. Holman*, 887 F.3d 1281, 1285 (11th Cir. 2018); *see also* Appellant's Br. at 30-33; *see also* Appellee's Br. at 36-37 (conflating standing with the merits). A court should "assum[e] that on the merits [Baluja] would be successful in [his] claims" that the City unlawfully transferred him because of his military service and engaged in employment practices that are unlawful under USERRA. *Polelle v. Fla. Sec'y of State*, 131 F.4th 1201, 1211 (11th Cir. 2025). A court should then determine if there exists *any* remedy it can award to address the plaintiff's injuries. *See id.* at 1225-26. Although he was not required to, Baluja even detailed the relief he sought in his amended complaint. *See* A55-A58 (Doc. 14 at 9-12) (seeking reinstatement, injunctive relief, liquidated damages, front pay, interest, lost future compensation and benefits, and "other and further relief"); Fed. R. Civ. P. 54(c) ("final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings"). If Baluja prevails on the merits, a court would have no shortage of avenues to award him relief.

*Dees v. Hyundai Motor Mfg. Ala., LLC*, 605 F. Supp. 2d 1220 (M.D. Ala. 2009)[2] offers absolutely no support for the proposition that Baluja lacks standing.

---

[2] The City states that Baluja's opening brief relied on this opinion, but it appears to confuse this Alabama district court case (which Baluja did not cite) with the Eleventh Circuit appeal from that case (which Baluja did cite). *See* Appellee's Br. at 28-29; Appellant's Br. at 30).

4

*See* Appellee's Br. at 28-29.  The *Dees* plaintiff alleged "harassment" due to his military service but did not allege "loss of wages or other benefits."  *Dees*, 605 F. Supp. 2d at 1229.  The plaintiff also "no longer work[ed]" for his employer, meaning that an injunction would provide "no benefit to him."  *Id.*; *see also Dees v. Hyundai Motor Mfg. Ala., LLC*, 368 F. App'x 49, 53 (11th Cir. 2010) (affirming on the same reasoning).  But Baluja *did* allege that he lost compensation and benefits such as reduced retirement benefits, as well as transfer to a different position that has severely hindered his career and future earnings.  *See, e.g.*, A54 (Doc. 14 at 8) (alleging Baluja "will continue to sustain lost compensation and benefits for the remainder of his work life").  He also alleged USERRA violations supporting injunctive relief.  If anything, *Dees* demonstrates by comparison exactly why Baluja has standing here.

*Richards v. Canyon County* fares no better.  *See Richards v. Canyon Cnty.* ("*Richards II*"), No. CV 12-00424-S-REB, 2014 WL 1270665 (D. Idaho Mar. 26, 2014); *see also* Appellant's Br. at 31-33 (addressing *Richards*).  As explained in a prior order in that litigation, the *Richards* plaintiff alleged that his employer required him to use accrued vacation time during periods of service in the uniformed services. *Richards v. Canyon Cnty.* ("*Richards I*"), No. CV 12-00424-S-REB, 2014 WL 51286, at *1 (D. Idaho Jan. 7, 2014).  The plaintiff no longer sought injunctive relief because he had left his employer, *see id.*, and although the employer paid out his

5

accrued leave he pursued damages because he could not use his vacation days "as he saw fit" during his employment, *Richards II*, 2014 WL 1270665, at *2. The district court held that this form of injury did not map onto USERRA's remedy to "compensate the person for any loss of . . . benefits" because it could not quantify damages for inability to take vacation. *Id.* at *4. Had the *Richards* plaintiff demanded payment for the value of the lost benefits or sought injunctive relief, "the result here would be different." *Id.*

In contrast to the *Richards* plaintiff, Baluja still works for the defendant employer and seeks reinstatement to the position from which he was unlawfully removed, injunctive relief for habitual USERRA violations, liquidated damages, and compensation for quantifiable harms to his compensation and retirement benefits. *See* A55-A58 (Doc. 14 at 9-12). He does not seek a form of intangible damages arising from inability to use leave as he would have preferred, and he does not pursue comparable emotional damages.

Nor do *Dees* and *Richards* support the notion that a plaintiff can only recover liquidated damages if he is awarded lost wages. *See* Appellee's Br. at 28-29. Those decisions are from 2009 and 2014, respectively, and pre-date Congress's 2025 amendment providing for a minimum of $50,000 in the event a court finds a willful violation. Dole Act § 221(d) (codified at 38 U.S.C. § 4323(d)(1)(D)). A congressional report for an earlier version of the amendment explained that "these

6

changes are necessary to ensure that a servicemember who has been called on to serve the country should be made financially whole if they bring a successful claim under USERRA." H.R. Rep. No. 118-241 at 4-5 (2023). If the district court finds a willful USERRA violation, then Baluja is entitled to the remedy of at least $50,000.

Baluja is also entitled to injunctive relief if he prevails on the merits of his claims. *See* Appellee's Br. at 37 (arguing Baluja did not "allege[] . . . a real and immediate . . . threat of future injury"). First, Baluja alleged that he was unlawfully removed from his position. A50-A51 (Doc. 14 at 4-5). Reinstatement is an exercise of a court's "equitable powers" under USERRA to correct his ongoing and future injury. *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 193 (2d Cir. 2011) (citing 38 U.S.C. § 4323(d)(1)(A)). Second, Baluja also alleged that the City engages in practices that deny servicemembers prompt reemployment, *see, e.g.*, A51-A54 (Doc. 14 at 5-8), and force them to use annual leave during deployments, *see, e.g.*, A52-A53 (Doc. 14 at 6-7). These allegations are sufficient to support a threat of future injury. Third, Congress enacted "[e]xpansion of [i]njunctive [r]elief" in the Dole Act, amending USERRA to permit forward-looking injunctive relief based on past injury. Dole Act § 221(c). USERRA now provides for injunctive relief based on either a past "violation of the provisions of" USERRA *or* a "violation" that "is threatened or imminent." *Id.* (codified at 38 U.S.C. § 4323(e)(2)(A)). USERRA's

plain text thus does not require a plaintiff to show "threatened or imminent" injury to receive relief.

The City argues that the factual allegations in the amended complaint must be discounted or completely ignored because they "contradict[]" the factual allegations in the original complaint and a complaint filed in an earlier lawsuit. Appellee's Br. at 15, 17, 18, 21, 22, 23, 24, 42, 56. But "there is nothing in the Federal Rules of Civil Procedure to prevent a party from filing successive pleadings that make inconsistent or even contradictory allegations." *PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat. Bank*, 712 F.3d 165, 172 (3d Cir. 2013) (holding that a plaintiff may "correct factual inadequacies in response to a motion to dismiss . . . even when the proposed amendment flatly contradicts the initial allegation"); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998) (concluding its is "not a permissible practice" for a district court to "look[] outside the pleadings to [a plaintiff's] prior pleadings" to dismiss an amended complaint).

Even if an amended complaint *could* import facts from a prior complaint, the City's whole argument still comes to nothing. Even after twelve pages of background setting up this argument, recitation of factual allegations from a separate civil action, and improper inclusion of non-record filings in its Supplemental

Appendix,[3] the City does not actually identify any material contradictions between any of the complaints. For instance, Baluja did not "fail[] to reconcile" prior allegations that "he had been paid back all of his Marine Patrol Pay." Appellee's Br. at 43. The City points to no paragraph in the amended complaint where Baluja says he did not receive that Marine Patrol Unit base pay (and indeed, he never sought it). *See* Appellant's Br. at 19 (stating that the City has continued to pay Baluja his base wages since 2019). Rather, the monetary relief sought in Baluja's amended complaint include lost wages reflecting damage to his career, lost overtime and similar non-base pay, lost pension and retirement benefits, liquidated damages, interest, and front pay in the event reinstatement is inappropriate. *See* A54, A57-A58 (Doc. 14 at 8, 11-12). These allegations do not conflict, and the City does not explain how they do.[4]

---

[3] *See* 11th Cir. R. 30-1(a) ("[U]nder no circumstances should a document be included in the appendix that was not submitted to the trial court."); *Shahar v. Bowers*, 120 F.3d 211, 213 n.1 (11th Cir. 1997) (en banc) ("At no time when a case is on appeal is adding information to the record—information that was never before the district court—usual and favored by the law."). Baluja respectfully requests that the Court ignore these non-record materials because they were not part of the record below.

[4] The City also attacks Baluja for the mere fact of amending his claims in response to the district court's initial dismissal, accusing Baluja of "omit[ing] critical facts" nearly 20 times in its brief. Appellee's Br. at 2, 12, 13, 18, 19, 21, 22, 23, 33, 46. The City never turns these assertions into an actual legal argument, which would nonetheless run into the same problems as its position that Baluja's various allegations conflict: it would not matter even if it were true.

In a final bid to knock out at least some form of relief to which Baluja is entitled, the City makes a litany of absurd claims about what the pleadings do not contain:

- The City bizarrely asserts that "Baluja's complaints focused solely on the monetary value of the lost wages and benefits he claims to have suffered." Appellee's Br. at 30. But that assertion plainly contradicts the record below, as Baluja consistently sought "reinstatement," "damages for lost future earnings, benefits and for any future lost retirement contributions," "interest," "liquidated damages," and "an injunction," among other remedies. A57-A58 (Doc. 14 at 11-12); *see also* A31-A34 (Doc. 1 at 27-30) (similar). A court may also award Baluja relief not specifically listed in the pleadings. *See* Fed. R. Civ. P. 54(c).

- The City oddly contends that Baluja is not entitled to compensation because his "argument that he was 'prevented . . . from advancing to positions with higher pay' . . . does not appear in his [Amended] Complaint." Appellee's Br. at 31. Baluja's amended complaint explained, however, that he "does not occupy a position of the same seniority and pay he would occupy but for his military service" because the City's "illegal employment decisions have destroyed Baluja's career" and as a result "he will continue to sustain lost compensation and benefits for the remainder of his work life." A54 (Doc. 14 at 8).

- The City similarly contends that Baluja cannot receive reinstatement because his assertion that "'[t]he CGPD transferred Baluja from the Marine Patrol Unit to the Uniform Patrol Division[,]' . . . is not alleged anywhere in his [Amended] Complaint." *See* Appellee's Br. at 32. Yet Baluja alleged that the City "removed [him] from his position on the Marine Patrol Unit." A51 (Doc. 14 at 5).

- The City states that "Baluja failed to allege that he suffered any loss of pay for allegedly being placed on the SWAT Team's Inactive Status." Appellee's Br. at 34. He alleged, however, that "Inactive Status from the SWAT team resulted in Baluja being prevented from working SWAT

overtime, SWAT off-duty details, and prevented Baluja from receiving pension benefits." A53 (Doc. 14 at 7).[5]

By rewriting the amended complaint to eliminate factual allegations that are plainly included in the pleading, the City demonstrates that it has no convincing response to Baluja's pursuit of those remedies.

The City further villainizes Baluja for bringing this lawsuit at all, although it is unclear how this undermines the facts pled in his amended complaint. The City's description of Baluja's prior action, for instance, appears to imply that he dismissed the case to avoid an unfavorable ruling. *See* Appellee's Br. at 6. But the district court there instructed Baluja's counsel to dismiss the action because he "deployed in the United States Army" and "was unable to assist in the prosecution of th[e] action." A5 (Doc. 1 at 1); *see also* A47 (Doc. 14 at 1).[6] To accommodate his extended military deployment, Baluja took advantage of Rule 41(a)(1)(B) to dismiss

---

[5] The City also makes the demonstrably untrue statement that Baluja "exclusively rel[ied]" on allegations from his original complaint in his briefing. Appellee's Br. at 21. A simple search for "Doc. 14" shows that Baluja pointed to the amended complaint throughout his arguments on standing and the merits. *See* Appellant's Br.

[6] To the extent the Court does consider materials from the prior action, the record there supports Baluja's description. The parties jointly moved to stay the prior action because Baluja "deployed on military orders" and would "remain on military orders for approximately 400 days." Joint Mot. to Stay at 3, *Baluja v. City of Coral Gables*, No. 23-cv-22331-KMW (S.D. Fla. Nov. 16, 2023). At a December 19, 2023, status conference that the City's current appellate counsel attended, the district judge instructed Baluja's counsel to dismiss the case and re-file once he could participate. *See* Min. Entry dated Dec. 19, 2023, *Baluja v. City of Coral Gables*, No. 23-cv-22331-KMW (S.D. Fla. Dec. 19, 2023).

11

his action without prejudice and relied on federal statutes that eliminate or extend statutes of limitations for servicemembers, intending to refile the action upon his return. *See* 38 U.S.C. § 4327(b) (eliminating statute of limitations for USERRA claims); 50 U.S.C. § 3936(a) (tolling any other applicable statute of limitations during service). The City's attempt to take advantage of Baluja's deployment with the United States Army exemplifies its disregard for the burdens of military service and its responsibilities under federal law.

The City treats Baluja in its responsive briefing the same way it has treated him in his employment: with contempt for his deployments as a Green Beret and lack of respect for its obligations under USERRA. The City seeks to escape the consequences of its employment discrimination by rewriting the record and painting Baluja as deceptive and unworthy even after it demoted him as an explicit consequence of his years of service in the uniformed services. That tactic is unbecoming and does nothing to undermine Baluja's straightforward claims. The City's distractions do not alter the correct result. Baluja has standing to bring his USERRA claim.

## II. Baluja Stated a Claim for Employment Discrimination and Unlawful Employment Practices

Baluja's employment discrimination claim rests on allegations that a City official told him—directly—that he planned to take adverse employment action based on Baluja's military service. *See* A50-51 (Doc. 14 at 4-5). The official then

12

took that adverse employment action following Baluja's continued service. *See* A51 (Doc. 14 at 5). This is a quintessential short, plain statement supporting entitlement to relief. Baluja also stated a claim for unlawful employment practices related to reemployment and leave policies, *see* Appellant's Br. at 46-50, which the City does not address, *see* Appellee's Br. at 38-56. Nor does the City appear to contest that the Court should reach the merits of Baluja's claims because the district court's orders necessarily did so. *See* Appellant's Br. at 33 n.5 (observing that this Court will consider the merits when a district court "conflat[es] standing with the merits").

### A. Coral Gables Engaged in Military Status Discrimination By Taking Adverse Employment Action Against Baluja Because of His Military Status.

The facts pleaded in Baluja's Amended Complaint plainly demonstrate that he (1) was denied a "benefit of employment," and (2) membership in the armed services was "a motivating factor in the [City's] action." 38 U.S.C. § 4311(a), (c)(1); *see also Coffman v. Chugach Support Servs., Inc.*, 411 F.3d 1231, 1238 (11th Cir. 2005) (discussing legal standard for § 4311(a)).

***Denial of a Benefit of Employment.*** The City denied Baluja his positions on the Marine Patrol Unit and SWAT team, which are part of the "terms, conditions, or privileges of employment." 38 U.S.C. § 4303(2). These transfers also denied him financial benefits such as overtime, pension benefits, and the potential for increased pay in the future. *See, e.g.*, A51, A54 (Doc. 14 at 5, 8) These alterations to the

13

terms and conditions of employment need not satisfy a "significance test." *Muldrow*, 601 U.S. at 350. The Supreme Court also held in *Muldrow* that a police department changes the "terms, conditions, or privileges of employment" by moving a police officer from one job to another. *Id.* at 354-56. *Muldrow*'s facts map almost perfectly onto those alleged in Baluja's amended complaint. *See* A50-A51 (Doc. 14 at 4-5); *see also* Appellant's Br. at 35-39 (discussing *Muldrow*).

Baluja has not forfeited any argument based on *Muldrow*. *See* Appellee's Br. at 48-51. Even assuming that Baluja could forfeit reliance on a specific case, he *did* raise *Muldrow* before the district court, arguing that the Supreme Court had "recently clarified that a plaintiff alleging discrimination in the terms or conditions of employment 'need not show that the injury satisfies a significance test.'" (Doc. 23 at 7) (quoting *Muldrow*, 601 U.S. at 350). He also argued that "[e]ach of [the City's] actions meets the *Muldrow* standard for adverse employment actions." *Id.* at 9; *see also* Appellee's Br. at 50 (acknowledging Baluja "reference[d] *Muldrow*" below).

Of course, Baluja did not need to specifically cite *Muldrow* or make any particular argument below in support of his employment discrimination claim to preserve the argument for appeal. On appeal, a party may support its "federal claim" with "any argument in support of that claim; parties are not limited to the precise arguments they made below." *Yee v. City of Escondido, Cal.*, 503 U.S. 519, 534 (1992). Parties cannot waive "individual arguments—let alone authorities," and

14

"[o]ffering a new argument or case citation in support of a position advanced in the district court is permissible—and often advisable." *Sec'y, U.S. Dep't of Labor v. Preston*, 873 F.3d 877, 883 n.5 (11th Cir. 2017). Indeed, a plaintiff need not raise *any* argument "in the face of a motion to dismiss if the complaint itself adequately states a plausible claim for relief." *Washington All. of Tech. Workers v. United States Dep't of Homeland Sec.*, 892 F.3d 332, 345 (D.C. Cir. 2018).[7]

*Muldrow* also plainly applies here, given that the case interprets the same "terms, conditions, or privileges of employment" language that is present in USERRA. *See* Appellant's Br. at 37. The City argues that *Muldrow*'s low threshold for adverse employment action does not apply to retaliation claims. *See* Appellee's Br. at 53-54. But an employment discrimination claim and a retaliation claim are different. "An employer engages in prohibited retaliatory conduct" under 38 U.S.C. § 4311(b) "where it takes an adverse action against an employee motivated by that employee's efforts to enforce the USERRA." *Ward v. United Parcel Serv.*, 580 F. App'x 735, 739 (11th Cir. 2014). Baluja does not bring a § 4311(b) claim alleging that the City has retaliated against him for "enforc[ing] a protection" under USERRA

---

[7] Baluja did not and could not have forfeited arguments supporting his employment discrimination claim. Even if he did, however, this Court should consider them because "the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice" and "the proper resolution is beyond any doubt." *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022).

or participating in a related investigation.  38 U.S.C. § 4311(b).  He instead brings a discrimination claim under § 4311(a).  *See* A55 (Doc. 14 at 9) (quoting § 4311(a)).

Finally, the facts alleged in Baluja's amended complaint fall neatly within *Muldrow*.  The City nonetheless reprises its argument that unlike the *Muldrow* plaintiff, "Baluja never alleged having been 'transferred' in his [Amended] Complaint."  Appellee's Br. at 55.  To the contrary, Baluja alleged that the City "removed [him] from his position on the Marine Patrol Unit," A51 (Doc. 14 at 5), and placed him on "Inactive status from the SWAT team," A53 (Doc. 14 at 7).  To transfer an employee means to "remove" him "from one place . . . to another." Transfer, Black's Law Dictionary (12th ed. 2024); *see also Muldrow*, 601 U.S. at 355 (stating the plaintiff was "reassigned" to a new position with different "responsibilities").  And by removing Baluja from one position within the CGPD, the City must have assigned him to duties some place else.  *See Muldrow*, 601 U.S. at 355 ("Many forced transfers leave workers worse off respecting employment terms or conditions. (After all, a transfer is not usually forced when it leaves the employee better off.)").

***Motivating Factor.***  Baluja plausibly pleaded that his membership in the uniformed services was at least a motivating factor in the City's decisions.  In fact, Baluja alleges that Chief Hudak told him directly that his continued service was the

but-for cause for his transfer. *See* A50-A51 (Doc. 14 at 4-5).[8] This Court has repeatedly held that an employer engages in employment discrimination when it informs the employee directly that an employment action is taken on the basis of a protected trait. *See, e.g.*, *Glenn v. Brumby*, 663 F.3d 1312, 1314, 1320 (11th Cir. 2011) (holding employer violated 42 U.S.C. § 1983 after informing employee she was terminated on the basis of sex); *Ferrill v. Parker Grp., Inc.*, 168 F.3d 468, 471-73 (11th Cir. 1999) (holding employer violated Title VII after admitting to separating workers by race). Baluja has decades of valuable experience as a police officer and significant relevant training as a Green Beret, making it unlikely the City would have transferred him based on performance-related issues. *See* A48-A49 (Doc. 14 at 2-3). The Marine Patrol Unit also had a long-standing vacancy, meaning that the City did not transfer Baluja for non-discriminatory reasons such as downsizing. *See* A51 (Doc. 14 at 5). Baluja thus stated a claim for employment discrimination.

Baluja had no obligation to plead a comparator, in part because he pleaded something better: direct evidence of discrimination. *See* Appellee's Br. at 41

---

[8] The City suggests that Baluja must "state a *prima facie* claim of discrimination under USERRA." Appellee's Br. at 25. But "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement," and it does not apply where, as here, the plaintiff "produce[s] direct evidence of discrimination." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510-11 (2002).

(arguing Baluja was required "to allege the existence of ... similarly-situated employees outside of his protected category that were treated more favorably than he was"); *see also id.* at 43 (similar). But if an employee "has evidence to show that discrimination 'played any part' in the decision-making process" then "nothing requires [the] employee to present comparator evidence." *Rosado v. Sec'y, Dep't of the Navy*, 127 F.4th 858, 867 (11th Cir. 2025). "A plaintiff may use either direct evidence or circumstantial evidence to show race discrimination." *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022). Here, Baluja relies on direct evidence of animus: he alleges that his employer told him the decision was based on his military service. No allegations about comparators are required.[9]

Nor was Baluja required to plead circumstantial evidence of the temporal proximity between his supervisor's discriminatory statements and the adverse employment action. *See* Appellee's Br. at 43.[10] Courts sometimes consider the temporal proximity between an employee's actions and an adverse employment

---

[9] To demonstrate that the facts alleged do not state a claim for unlawful discrimination, the City points to a single instance in the original complaint where it treated Baluja *worse* than other servicemembers. *See* Appellee's Br. at 42; *see also* A17 (Doc. 1 at 13). First, allegations in Baluja's prior complaints cannot demonstrate that his amended complaint fails to state a claim. *See supra* Section I. Even on its face, this allegation does nothing to undermine the animus demonstrated by Chief Hudak's explicit statements.

[10] Confusingly, the City cites caselaw about USERRA's reemployment provision at 38 U.S.C. § 4316, which has no application to Baluja's employment discrimination claim. *See* Appellee's Br. at 43-44.

action as circumstantial evidence for *retaliation* claims. *See Johnson v. Miami-Dade Cnty.*, 948 F.3d 1318, 1328 (11th Cir. 2020) (comparing timing between EEOC complaint and suspension). Once again, however, the City points to no authority that requires a plaintiff to allege a short temporal proximity between a supervisor's overt conditioning of a transfer on a protected trait followed by actions carrying out that threat. *See* A50-A51 (Doc. 14 at 4-5). The City thus raises no argument demonstrating that Baluja failed to state a discrimination claim under § 4311(a).[11]

## B. Coral Gables Violated Its Reemployment Obligations By Failing to Properly Reemploy Baluja Following Absence from Employment.

Baluja's amended complaint plausibly pleaded that Coral Gables violated his reemployment rights under USERRA, 38 U.S.C. § 4313 and § 4316. *See* Appellant's Br. at 46-49. Baluja pleaded that he was absent because of military orders, that he notified the city of his obligations, and that he timely notified the City of his intent to return to work. *See id.* at 47. Rather than reemploying him at "the position of employment in which [he] would have been employed if [his] continuous employment . . . had not been interrupted by such service," 38 U.S.C. § 4313(a)(2)(A), the City placed him on administrative leave and probationary

---

[11] The City also argues that "Baluja failed to allege that he was placed on No Pay Status, and was locked out of the INFOR system, because of his military status." Appellee's Br. at 46-48. However, Baluja does not rely on those allegations to support his discrimination claim here. *See* Appellant's Br. at 38-39.

19

status. *See* A51-52 (Doc. 14 at 5-6). The City does not dispute that Baluja stated a reemployment rights violation. *See* Appellee's Br.

### C.    Coral Gables' Leave Policies Independently Violate USERRA.

Baluja's amended complaint plausibly pleaded that Coral Gables violated USERRA, 38 U.S.C. § 4316(d), by requiring employees to use accrued personal leave to account for time absent for service in the uniformed services. *See* Appellant's Br. at 49-50. He alleged that the City required him to use personal leave while on military leave in contravention of USERRA's prohibition that [n]o employer may require" an individual whose employment is interrupted by service in the uniformed services "to use vacation, annual, or similar leave during such period of service." 38 U.S.C. § 4316(d); *see also* A52-A53 (Doc. 14 at 6-7). The City does not dispute that Baluja stated a violation of § 4316(d), either. *See* Appellee's Br.

### III.    Baluja's Amended Complaint Was Dismissed Without Prejudice

"Dismissals for a lack of jurisdiction are not judgments on the merits and are to be entered without prejudice." *Dupree v. Owens*, 92 F.4th 999, 1007 (11th Cir.) (2024); *see also* Fed. R. Civ. P. 41(b) (similar). The district court dismissed Baluja's amended complaint on jurisdictional grounds because it held he "ha[d] failed to establish standing." A61 (Doc. 25 at 3); *see also* A46 (Doc. 13 at 7) (dismissing without prejudice). Contrary to the City's argument, *see* Appellee's Br. at 56, the district court's dismissal for lack of jurisdiction operated as a dismissal without

20

prejudice.  The City declined to cross-appeal and cannot now argue that the district court should have dismissed with prejudice.  *See Am. Bottom Conservancy v. U.S. Army Corps of Eng'rs*, 650 F.3d 652, 660 (7th Cir. 2011) (rejecting appellee's attempt to convert dismissal without prejudice to a merits decision absent cross-appeal).

## CONCLUSION

The Court should reverse the decision below.

Dated: March 31, 2026

Respectfully submitted,

*/s/ John V. Hoover*
Andrew T. Tutt
John V. Hoover
ARNOLD & PORTER
  KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, DC 20001
Telephone: (202) 942-5000
Fax: (202) 942-5999
jack.hoover@arnoldporter.com

*Counsel for Appellant Michael Baluja*

21

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing brief was filed electronically on March 31, 2026, and will therefore be served electronically upon all counsel.

*/s/ John V. Hoover*
John V. Hoover

*Counsel for Appellant Michael Baluja*

**CERTIFICATE OF COMPLIANCE**

This document complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7) and Eleventh Circuit Rule 32-4, because it contains 5,331 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), according to the word count feature of Microsoft Word. This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6), and Eleventh Circuit Rule 32-3, because it has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

*/s/ John V. Hoover*
John V. Hoover

*Counsel for Appellant Michael Baluja*